STONE, Justice,
concurring specially.
I agree that, pursuant to Gilbert, we must remand for resentencing without habitual offender status. However, were I writing on a clean slate, I would not conclude that Wilson and Ashley, read together, mandate this result. I would look to Wilson for guidance on *1061 whether a defendant has the right to demand a sentence without habitual offender status, as distinguished from simply having an option to withdraw the improvident plea. It seems to me that all interests are satisfied by affording the option to withdraw the plea rather than mandating the lower sentence.
I would deem it insignificant that the state did not file its notice of intent prior to entry of the open plea, as the court’s approach in Wilson seems to me to be that a defendant must be permitted to withdraw the plea where the record does not reflect that it was knowingly and intelligently entered, unless, as in Ashley, there was an agreement, or some equivalent involvement by the state, in the entry and terms of the plea.
Here, the state was not involved in negotiating or agreeing to any conditions of the plea. It was clearly open to the court. Neither was anything said with regard to the state not seeking a habitual offender sentence. Nothing in Ashley or Wilson indicates that the state’s failing to pre-determine a potential decision to seek the enhanced sentence, and to be prepared with a written notice, in case a defendant, whether at arraignment or in the midst of trial, should suddenly elect to plead guilty, is fatal, where the state has done nothing to indicate a waiver of its right.
Therefore, I would recede from Gilbert and allow the defendant to withdraw the plea if he wishes to do so, but not require the court to impose the lesser sentence.